UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


SignalQuest, Inc.

    v.                                Civil No. 11-cv-392-JL

Tien-Ming Chou and Oncque
Corporation

**ORDER**

At the Preliminary Pretrial Conference, defendants agreed in principle to mediate following limited preliminary discovery. The court accordingly ordered the parties to submit a joint plan for limited discovery by August 3, 2012.  See Order of July 13, 2012.  Plaintiff appears to have made a good-faith effort to comply with that order.  Defendants plainly have not.  Although defendants assert that plaintiff's proposal is "not workable," they have proffered no alternative, "workable" plan and no reason for reneging on their prior agreement.[1]

For the reasons discussed at the Preliminary Pretrial Conference, and those set forth in the plaintiff's motion, the court believes that (defendants' objections notwithstanding) a period of limited discovery and mediation would reduce costs and

---

[1] Because of what it perceived as a lack of "enthusiasm" on the part of one member of defendants' legal team for this approach, the court asked--repeatedly--whether the defendants were agreeing to it in earnest, or merely temporarily placating the court with no real intent to follow through.  The lack of any explanation for why the plaintiff's proposal is "unworkable," or any proposed alternative, does little to alleviate the court's concerns in this regard.

facilitate the orderly and expeditious disposition of this matter. Plaintiff's Motion for Pre-<u>Markman</u> Hearing Mediation and Limited Pre-Mediation Discovery (document no. 32) is therefore **GRANTED**. As defendants have failed to submit an alternative to plaintiff's proposal, the court adopts that proposal, with alterations, as follows:

- On or before **October 5, 2012,** the parties will exchange: (1) plans and specifications for their respective allegedly infringing products; and (2) a statement of the reasons why the disclosing party contends that its products do not infringe the other party's patent(s), including a claim chart illustrating non-infringement of claims.

- On or before **November 2, 2012,** the parties may depose the inventors of the patents in suit.[2]

- On or before **December 31, 2012,** the parties will engage in mediation at a mutually agreed-upon time and location. If the parties are unable to agree upon a location for the mediation, it will be held at the offices of McLane, Graf Raulerson & Middleton in Manchester, New Hampshire.

- On or before **January 4, 2013,** the parties will notify the court of the results of their mediation. If mediation is unsuccessful, the court will schedule a status conference to set remaining case deadlines.

The court assumes that the parties will be able to select a mutually-agreeable mediator. If they are unable to do so, they may seek the court's assistance in selecting a mediator.

---

[2]The court notes that, contrary to defendants' protests, the plaintiff's proposal does not mandate that these depositions take place in any particular place. Nor does this order.

The parties are reminded that this court's informal discovery dispute resolution process, see Order of July 13, 2012, applies to the preliminary discovery envisioned by this order.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: August 9, 2012

cc:   Brian David Thomas, Esq.
      Peter Anthony Nieves, Esq.
      Robert R. Lucic, Esq.
      Thomas J. Donovan, Esq.
      Nicholas F. Casolaro, Esq.
      Timothy N. Trop, Esq.