```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

<u>SignalQuest, Inc.</u>

    v.                                  Civil No. 11-cv-00392-JL

<u>Tien-Ming Chou</u>

## **ORDER AFTER PRELIMINARY PRETRIAL CONFERENCE**

The Preliminary Pretrial Conference was held in chambers on **February 19, 2013.**

The Discovery Plan (document no. 42) is approved as submitted, with the following changes:

- Motions to dismiss -                                                                  **5/5/13**
- LPR 5.1(c) - Preliminary invalidity contentions -                                     **5/31/13**
- LPR 6.1(a) - Exchange of proposed terms for construction -                            **6/14/13**
- LPR 6.1(b)(1) - Exchange of preliminary claim constructions -                         **6/28/13**
- LPR 6.1(b)(2) - Identification of references in support of proposed construction & designation of extrinsic evidence -   **6/28/13**
- LPR 6.1(b)(3) - Meet & confer to limit terms in dispute -                             **7/12/13**
- LPR 6.1(c) - Joint claim construction & prehearing statement -                        **7/26/13**
- Amendment of pleadings -                                                              **8/9/13**
- Disclosure of claims against unnamed parties -                                        **8/9/13**

- Joinder of additional parties/third party actions -  **8/9/13**

- LPR 6.1(d) - Completion of claim construction discovery -  **8/16/13**

- LPR 6.1(e)(1) - Claim construction briefs -  **9/6/13**

- LPR 6.1(e)(2) - Responsive claim construction briefs -  **9/20/13**

- LPR 6.1(f) - Claim construction hearing (est.) -  **11/22/13**

- LPR 7.1(a)(1) - Final infringement contentions -  **2/14/13**[1]

- LPR 7.1(a)(2) - Motions to exclude amendments to infringement contentions -  **2/28/14**[1]

- LPR 7.1(b)(1) - Final invalidity contentions -  **3/21/14**[1]

- LPR 7.1(b)(2) - Motions to exclude amendments to invalidity contentions -  **4/4/14**[1]

- Close of fact discovery -  **4/21/14**

- LPR 8.1(a)(1) - Non-claim construction opening expert reports -  **5/5/14**[1]

- LPR 8.1(a)(2) - Non-claim construction rebuttal expert reports -  **6/19/14**[1]

- LPR 8.1(b) - Completion of expert depositions -  **8/4/14**[1]

- Challenges to expert testimony -  **9/3/14**

- Summary judgment deadline - **120 days prior to final pretrial conference**

---

[1] While the parties' joint discovery plan provides estimates for these case events based upon the timelines set forth in the Local Patent Rules, these are not estimates, but hard deadlines that supersede the Local Patent Rules. The court anticipates issuing a claim construction order no later than January 24, 2014 (assuming the parties adhere to their agreed-upon deadlines).

- Jury trial -                                              **February 2015**

The discovery completion deadlines are the deadlines by which discovery shall be completed--not the deadlines by which discovery shall be served.  Propounding parties shall ensure that enough time remains in the discovery period for the recipients to provide their responses by those deadlines.  Where Federal Rule 33(b)(2), 34(b)(2), or 36(a)(3) would call for a response after a discovery completion deadline, the recipient need not provide a response.

Plaintiff may propound a maximum of **forty** interrogatories, while defendants may collectively propound **forty** interrogatories. Plaintiff may take a maximum of **fifteen** depositions, while defendants may collectively take a maximum of **fifteen** depositions.  Absent an agreement to the contrary, each deposition shall be limited to a maximum of **seven** hours, unless the services of an interpreter are required.  Where an interpreter is required, the deposition shall be limited to a maximum of **ten** hours.

**Summary Judgment**.  The parties and counsel are advised that compliance with Rule 56(e) and Local Rule 7.2(b), regarding evidentiary support for factual assertions, and specification and delineation of material issues of disputed fact, will be required.

**Oral argument on dispositive motions.**  Counsel and the parties should anticipate that oral argument will be held on all dispositive motions.  Any party preferring that such a motion be decided on the written filings alone should so notify the clerk.

**Discovery disputes.**  Discovery disputes will be handled by the undersigned judge, as opposed to the Magistrate Judge, in the normal course.  No motion to compel is necessary.  The party or counsel seeking discovery-related relief should confer with adverse counsel to choose mutually available dates, and then contact the Deputy Clerk to schedule a conference call with the court.  The court will inform counsel and parties what written materials, if any, should be submitted in advance of the conference call.

Customary motions to compel discovery, while disfavored by the undersigned judge, are nonetheless permissible.  If counsel prefer traditional discovery litigation to the conference call procedure set forth above, any such motion to compel should expressly request, in the title of the motion, a referral to the United States Magistrate Judge.  Such referral requests will normally be granted.  If the Magistrate Judge is recused, alternate arrangements will be made.

**SO ORDERED.**

_/s/ Joe Laplante_____
Joseph N. Laplante
United States District Judge

Dated: February 19, 2013

cc: Brian David Thomas, Esq.
    Peter Anthony Nieves, Esq.
    Robert R. Lucic, Esq.
    Mark C. Rouvalis, Esq.
    Nicholas F. Casolaro, Esq.
    Timothy N. Trop, Esq.